UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

# Response to Order to Show Cause

| | |
|---|---|
| JANE ROE,<br>Plaintiff-Appellant,<br><br>v.<br><br>COLORADO JUDICIAL DEPARTMENT, et al.,<br>Defendants-Appellees | Case No. 25-1180 |

Plaintiff-Appellant Jane Roe respectfully submits this Response to the Court's May 6, 2025 Order to Show Cause regarding appellate jurisdiction. As explained below, this appeal is proper under 28 U.S.C. § 1291 or the collateral order doctrine. Alternatively, this Court may construe this Response as a petition for writ of mandamus and exercise jurisdiction under 28 U.S.C. § 1651. Petitioner challenges the enforcement of Local Rule 8.1, which delegates judicial gatekeeping authority to an anonymous 'Pro Se Division' and permits magistrate judges to issue dispositive rulings without party consent or meaningful Article III oversight. As applied, these procedures have deprived Petitioner of her rights to due process, equal protection, and access to the courts, while potentially foreclosing the opportunity for appellate review.

## I. INTRODUCTION

This appeal challenges an April 7, 2025 order (ECF No. 29) of the U.S. District Court for the District of Colorado denying Plaintiff's motion to proceed

1

pseudonymously. The order requires Plaintiff to file an amended complaint using her true legal name within 30 days or face dismissal. The district court's docket confirms this consequence. *See District Court Order dated April 7, 2025 [D. Colo. Dkt. No. 29 at 11]* (requiring filing under legal name within 30 days or the case "will be dismissed without further notice").

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Petitioner filed Civil Action No. 1:24-cv-03400 in the District of Colorado on December 6, 2024, alleging constitutional and civil rights violations by the Colorado Judicial Department and state officials. Petitioner requested to proceed under a pseudonym due to privacy interests protected under state law and supported by prior state court orders. The request was denied by Magistrate Judge Scott T. Varholak on April 7, 2025 (ECF No. 29), despite the fact that no Article III judge had been assigned and no consent was given to magistrate jurisdiction.

The District of Colorado's Local Rule 8.1 prevents any case brought by a pro se litigant from reaching an Article III judge until an unspecified 'preliminary review' has occurred. This process is managed by an unidentified 'Pro Se Division' and lacks any clear standards. As a result, Petitioner has been denied any opportunity to appeal or seek review of the dispositive rulings entered against her.

## III. ARGUMENT

### A. THE ORDER IS FINAL OR OTHERWISE APPEALABLE

Although entered by a magistrate judge, the order was dispositive and issued without Plaintiff's consent under 28 U.S.C. § 636(c). Under Fed. R. Civ. P. 72(b) and

2

Phillips v. Beierwaltes, 466 F.3d 1217, 1222 (10th Cir. 2006), a magistrate's dispositive ruling is not final unless adopted by a district judge. Here, the order was not a recommendation but a final directive with no district judge assigned, as evidenced by Plaintiff's motion requesting assignment and clarification (ECF No. 31).

Such an order that effectively terminates litigation is final under 28 U.S.C. § 1291. See Catlin v. United States, 324 U.S. 229, 233 (1945). The directive to either abandon the claims or proceed without pseudonymity is a final decision for purposes of appeal.

### B. THE COLLATERAL ORDER DOCTRINE ALSO APPLIES

The denial of pseudonymity is immediately appealable under the collateral order doctrine. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). It conclusively determines Plaintiff's right to proceed anonymously, involves a significant privacy interest, and is unreviewable after final judgment because revealing Plaintiff's name now would moot the claim. *See Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981); *Doe v. Frank*, 951 F.2d 320, 323–24 (11th Cir. 1992); *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005).

### C. PROCEDURAL IRREGULARITY BELOW SUPPORTS REVIEW

Plaintiff's objections under Fed. R. Civ. P. 72 were effectively nullified due to the absence of an assigned district judge, despite multiple filings raising this issue. See ECF No. 31 (Forthwith Motion); ECF No. 32 (Objections to ECF 29); ECF No. 34 (Motion to Strike improper nonparty filings). The district court's irregular

procedure—failing to assign an Article III judge while authorizing dispositive orders—raises serious constitutional concerns under Article III and the Due Process Clause. See also 28 U.S.C. § 636(b)(1)(A), (B).

### D. ALTERNATIVELY, MANDAMUS IS APPROPRIATE

If jurisdiction is deemed lacking as a final, appealable order, Plaintiff requests this filing be construed as a petition for writ of mandamus under 28 U.S.C. § 1651. This Court has jurisdiction to issue all writs necessary or appropriate in aid of its jurisdiction under 28 U.S.C. § 1651(a). Mandamus relief is proper because Petitioner lacks any other adequate means to challenge the District Court's unconstitutional procedures, which denied her access to an Article III tribunal and foreclosed normal appellate review.

A writ of mandamus is warranted where: (1) there is no other adequate means to attain relief; (2) the right to issuance is clear and indisputable; and (3) the writ is appropriate under the circumstances. *See Cheney v. U.S. Dist. Court,* 542 U.S. 367, 380–81 (2004).

First, there is no other adequate remedy. Disclosure of Plaintiff's identity as required by the April 7, 2025 order moots any further review. *See Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). The district court's process denied her access to an Article III judge and precluded timely Rule 72 review. See ECF Nos. 31, 32.

Second, Plaintiff's right to proceed anonymously in cases involving disability, reputational harm, and risk of reprisal is well recognized. *See M.M. v. Zavaras*, 139 F.3d 798 (10th Cir. 1998); *Roe v. Doe*, 2023 WL 4562543 (D. Colo. 2023); *Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992).

Third, the magistrate judge exceeded his authority by resolving a dispositive issue without consent. *See 28 U.S.C. § 636(b)(1)(B); Phillips v. Beierwaltes*, 466 F.3d 1217, 1222 (10th Cir. 2006). Disclosure of Plaintiff's identity will cause irreparable harm and moot appellate review. *See Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81 (2004); *Roe v. Doe*, 2023 WL 4562543 (D. Colo. 2023) (denying pseudonymity harms privacy and can cause irreparable reputational injury).

### 1. The District of Colorado's Local Rule 8.1 Is Constitutionally Infirm and Forecloses Meaningful Access to the Courts to Pro Se Litigants

The order that is the subject of this appeal arose out of a case filed by a pro se plaintiff. Because Plaintiff is pro se, the District Court sidetracked the case pursuant to Local Rule D.C.COLO.LCivR 8.1 of the U.S. District Court for the District of Colorado. The rule reads in relevant part:

> A judicial officer designated by the Chief Judge shall review the pleadings of a pro se party or a party who is allowed to proceed without prepayment of filing fees to determine whether the pleadings should be dismissed summarily. The designated judicial officer may use the assistance of the Pro Se Division in making the determination...

D.C.COLO.LCivR 8.1(a). This Local Rule singles out pro se and in forma pauperis litigants for differential treatment by subjecting their pleadings to an undefined "preliminary review" process conducted by a magistrate judge with no publicly available criteria or District Court Judge oversight. Local Rule 8.1 delegates authority to non-judicial actors in a secretive, unidentified "Pro Se Division". This procedure delays judicial assignment indefinitely and stays service of process until the magistrate judge determines that the case may proceed.

5

Local Rule 8.1 of the U.S. District Court for the District of Colorado authorizes the "Pro Se Division" and a magistrate judge to summarily review and dismiss complaints filed by pro se litigants without the appointment of an Article III judge. This rule operates without transparent criteria, defined procedures, or the safeguards afforded to litigants proceeding under Rules 12, 56, or 72 of the Federal Rules of Civil Procedure.

There is no public record identifying who comprises the "Pro Se Division," what standards they apply, or whether those individuals possess judicial authority. The absence of identifiable criteria or actors violates fundamental due process under *Mathews v. Eldridge*, 424 U.S. 319 (1976), and forecloses the pro se litigant's right to know who is adjudicating their access to federal court.

Further, the rule imposes dismissal at a "preliminary review" stage, often before any opposing party is served or joined, and with no right of interlocutory review. This deprives pro se litigants of their constitutional right to access the courts, and in practice, acts as an unauthorized gatekeeping mechanism that silences valid claims without recourse. *See Christopher v. Harbury*, 536 U.S. 403, 413–14 (2002).

This regime violates the Equal Protection Clause of the Fifth Amendment (applicable to the federal government) by establishing a two-tier system of access to the courts that burdens pro se litigants. It further infringes on the First Amendment right of access to the courts, recognized in *Bounds v. Smith*, 430 U.S. 817, 821 (1977), and the structural protections of Article III, which reserve final adjudicatory authority to judges enjoying life tenure and salary protection.

In this case, the procedural and constitutional defects caused by Local Rule 8.1 were not theoretical.  Plaintiff filed suit in December 2024.  As of April 2025, over five months later, no Article III judge had been assigned. Instead, a magistrate judge unilaterally denied Plaintiff's motion to proceed pseudonymously, threatening dismissal if Plaintiff did not file a new complaint under her legal name. See ECF No. 29.

This process violates 28 U.S.C. § 636 and *Phillips v. Beierwaltes*, 466 F.3d 1217, 1222 (10th Cir. 2006), which limits magistrate judge authority to that conferred by statute or party consent. The use of an unidentified "Pro Se Division" to screen cases adds an additional layer of secrecy, bias, and arbitrariness inconsistent with due process. The rule lacks published standards and fails to define who comprises the Pro Se Division or how decisions are made.

Local rules "may not create or affect substantive rights, *see* 28 U.S.C. § 2072(b), or institute basic procedural innovations." *Stern v. U.S. Dist. Ct. for Dist. of Mass.*, 214 F.3d 4, 13 (1st Cir. 2000) (internal quote and citation omitted).  Plaintiff respectfully submits that this Court should exercise its mandamus jurisdiction to review this unconstitutional scheme and recognize that the procedural posture of this case—controlled by a magistrate judge under Local Rule 8.1—is itself a constitutional violation. Plaintiff raises this issue not only as a basis for appellate jurisdiction but as a matter requiring this Court's supervisory authority.  Because this Local Rule 8.1 affects pro se litigant's substantive Constitutional and statutory rights, it is improper.

### 2. Magistrate Judge Varholak Lacked Authority to Issue a De Facto Dismissal Without Consent Under 28 U.S.C. § 636

The District Court's April 7, 2025 order (ECF No. 29) denied Appellant's Motion to Restrict and conditioned the continuation of her lawsuit on the disclosure of her identity—effectively requiring her to amend or face dismissal. This constitutes a dispositive ruling under the governing precedents and exceeds the statutory authority of a magistrate judge without the parties' consent.

Under *Williams v. King*, 875 F.3d 500 (9th Cir. 2017), and *Allen v. Meyer*, 755 F.3d 866 (7th Cir. 2014), a magistrate judge may not enter an order that has dispositive effect unless all parties consent under 28 U.S.C. § 636(c). No such consent was given here. The April 7 order thus violates Article III and is void.

As the Tenth Circuit noted in its Order to Show Cause, "a magistrate judge cannot issue dispositive rulings absent party consent." Yet, that is precisely what occurred here, under the cloak of D.C.Colo.LCivR 8.1.

### 3. The Procedural Mechanism Deprived Appellant of Any Meaningful Right to Appeal

Critically, under the local rules, no district judge is ever assigned until the "preliminary review" phase is complete. The local rules do not define "preliminary review" or the duration of this phase. Thus, the magistrate judge's decision becomes the final word by operation of procedure, not by substantive adjudication. *See D.C.COLO.LCivR 8.1(b)*.

There is no provision for appealing the preliminary review to a district judge unless one has been appointed, which never occurs in these cases unless they survive that opaque initial screening. Plaintiff did, in fact, timely file Objections

under Fed.R.Civ.P. 72, but no District Court Judge considered or ruled on the objections. This creates a structural barrier to judicial review and forecloses appellate oversight—placing the plaintiff in a procedural no-man's-land with no Article III review of the denial of access to court.

### 4. *These Procedural Defects Raise Serious Constitutional Issues Warranting Appellate Review*

This appeal is not merely about the denial of a pseudonym. It concerns:

- Access to the courts (*Bounds v. Smith*, 430 U.S. 817 (1977));

- Procedural due process (*Mathews*, 424 U.S. at 335);

- Equal protection for pro se litigants denied judicial access not faced by represented parties (*Beard v. Banks*, 548 U.S. 521 (2006)); and

- Structural separation of powers violated by permitting non-Article III actors to determine the merits of federal claims.

The issues presented implicate fundamental rights that justify the Court of Appeals' jurisdiction under the collateral order doctrine, as they are:

1. Conclusive;

2. Resolve important questions separate from the merits;

3. Effectively unreviewable on appeal from final judgment. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949).

## IV. Conclusion

For the foregoing reasons, the Court should retain jurisdiction over this appeal. Appellant respectfully requests that the Court find this Court has jurisdiction under § 1291 or the collateral order doctrine. The district court's April 7 order was

final in practical effect, and resulted from an unauthorized exercise of judicial power by a magistrate judge acting without party consent.  In addition, mandamus relief is warranted, to review the unconstitutional structure and procedures employed by the U.S. District Court for the District of Colorado against pro se litigants.  Accordingly, Plaintiff respectfully requests the Court to discharge the Order to Show Cause and allow this appeal to proceed.

    Dated:  Monday, June 2, 2025,

Respectfully submitted,

/s/ Jane Roe
Jane Roe, Plaintiff-Appellant
34 N. Franklin Ave., Ste 1992
Pinedale, WY 82941
jane.roeWY@icloud.com

**CERTIFICATE OF SERVICE**

I hereby certify that on Monday, June 2, 2025, I filed the foregoing Response with the court's CM/ECF system which will serve it on all parties registered to receive electronic filings.

                              <u>/s/ Jane Roe</u>
                              Jane Roe